BARCLAY COMMERCE CORP., Appellant, *v.* ABRAHAM FINKELSTEIN et al., Respondents.

First Department, October 4, 1960.

*Irwin M. Taylor* of counsel (*Kaufman, Taylor & Kimmel,* attorneys), for appellant.

*Allan Graff* of counsel (*Leinwand, Grossman, Mandelbaum & Maron,* attorneys), for respondents.

*Per Curiam.* This is an appeal from an order denying plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

January 15, 1958, plaintiff and the corporate defendant entered into a factoring agreement. Simultaneously with the execution of such agreement the individual defendants, in order to induce plaintiff to enter the factoring agreement, executed a written agreement guaranteeing payment of moneys which might become due.

Subsequently, plaintiff purchased accounts receivable, making its last advance to the corporate defendant on April 17, 1959, at which time the balance due plaintiff was $85,983.26, against an aggregate amount of allegedly outstanding accounts receivable approximating $300,000. Plaintiff claims the aggregate amount of valid and genuine assigned accounts was substantially less than the sum due. Plaintiff brought suit against the defendants for damages for the sum remaining unpaid to it arising out of the assignment to it of allegedly fraudulent accounts receivable. The first cause of action is based upon fraud. Plaintiff's second cause of action is against the individual defendants as guarantors. The affidavits and exhibits clearly demonstrate how the fraud was practiced.

The defendant's answer consisted of general denials together with what was denominated a defense by way of offset and a counterclaim because of an alleged joint venture between the plaintiff and the individual defendants. The counterclaim and defense is based upon the language of an agreement, a "Heter Iska",* executed between the plaintiff and the individual defendants. The defendants claimed that a joint venture was created thereby.

The plaintiff explained the purpose of the "Heter Iska" as being merely a compliance in form with Hebraic law, but did not create a partnership or intend to create one and its explanation of the "Heter Iska" and its purpose is not contradicted by the defendants, nor do they deny the fraud alleged.

Upon the whole record we find no triable issue raised (*Strasburger* v. *Rosenheim*, 234 App. Div. 544; *Kramer* v. *Harris*, 9 A D 2d 282, 283). Additionally, the claim of joint venture in the offset and counterclaim raises what is at best a "phantom" issue and is clearly without merit (*Strasburger* v. *Rosenheim, supra*; cf. *Richard* v. *Credit Suisse*, 242

---

* An Hebraic document which, on its face, seems to create a partnership arrangement.

N. Y. 346). The issue sought to be created is neither genuine nor substantial.

Accordingly, the order appealed from should be reversed, on the law and the facts, the motion for summary judgment granted, with costs, the counterclaim dismissed on the merits and the case is directed to be set down for an assessment of damages.

RABIN, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered April 4, 1960, denying plaintiff's motion for summary judgment, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, the motion for summary judgment granted, with $10 costs, the counterclaim dismissed on the merits and the case is directed to be set down for an assessment of damages. Settle order on notice.