■ DORA ROSENBLUM, as Administratrix of the Estate of JACQUES ROSENBLUM, Deseased Appellant, v HERMAN C. STEINER, Respondent.—Order, Supreme Court, New York County, entered August 4, 1976, unanimously modified, on the law and in the exercise of discretion, to vacate dismissal of the underlying proceeding brought by plaintiff-appellant pursuant to CPLR 3213, and to stay that proceeding, and to grant the cross motion of defendant-respondent to compel arbitration, restricted however as hereinafter set forth, without costs and without disbursements. Plaintiff executrix commenced this CPLR 3213 proceeding on two notes remaining out of a series of five; three had been paid, the fourth had matured but was returned for insufficient funds, and the fifth claimed to have fallen due by operation of

an acceleration clause triggered by nonpayment of the fourth. The answering affidavit set up a defense of usury not apparent on the face of the notes and counterclaimed for return of excess payments allegedly concealed by various cover devices. The "answer" contained a history of long and involved dealings in Canadian real estate between defendant and the decedent. A reply disputed defendant's assertions and invoked CPLR 4519, the "dead man's statute." At this juncture defendant countered with a sur-reply ("supplemental affidavit") which raised new matters for the first time: he produced a written agreement between the parties, most of the details of which are of no concern at this writing, except for a broad arbitration clause, which he invoked, at the same time withdrawing the counterclaim. Although it is argued by plaintiff that the belated production of the document constituted waiver of arbitration, we hold, to the contrary, that it was timely in that it was part of the set of papers submitted to Special Term at one time, and its tardiness is well explained—never contradicted—by illness and absence from the State. No papers were thereafter filed. Special Term dismissed the proceeding "without prejudice to the commencement of arbitration proceedings." But arbitration proceedings had already commenced by means of the "supplemental affidavit" and, there being no submission of papers thereafter to the contrary, the court's duty was clear in the circumstances under CPLR 7503: to stay—not to dismiss—the pending proceeding. Accordingly, we restore it, but we stay it as CPLR 7503 dictates. The arbitration itself shall proceed as the agreement provides, to be initiated by the designation by each party of an arbitrator (paragraph eighth), modified because of the passage of time to direct initial designation to take place within 10 days after service of a copy of the order entered hereon, with further steps as in the agreement. In this regard, we note, particularly because of withdrawal of the counterclaim for return of allegedly usurious excess payments, that the projected defense of usury is not available upon arbitration as a matter of public policy *(Durst v Abrash,* 22 AD2d 39, 44, affd on opn below 17 NY2d 445). However, the notes and agreement were executed simultaneously and may be regarded by references in the agreement to cover the parties' complete course of dealing with each other. Additionally, the controversy is between the original maker of the notes and the estate of the obligee, and the agreement contains many provisions available to both sides, and having nothing to do with usury. Thus, the arbitration may proceed, covering the whole scope of the relation between the parties as described in the writings, so long as the subject of usury does not enter into the presentations or the decision. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.