■ ARNAV INDUSTRIES, INC. EMPLOYEE RETIREMENT TRUST, Appellant, v WESTSIDE REALTY ASSOCIATES et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Martin Stecher, J.), entered July 23, 1991 which, *inter alia,* denied plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted, without costs.

Defendant Mordechai Halberstam, a general partner of defendant Westside Realty Associates, executed a promissory note on behalf of the partnership in connection with a construction loan secured by certain realty. Defendant partnership defaulted on payment of the note, and plaintiff commenced this action to foreclose on the underlying mortgage. The partnership and two of the three general partners did not oppose plaintiff's motion for summary entry of a judgment of foreclosure and sale. The third general partner, defendant Irving Goldstein, objected to summary judgment and cross-moved to dismiss the complaint as against him.

At issue on the appeal is whether the insertion of the Hebrew phrase "Al pi heter iska" above the signature on the promissory note creates an ambiguity in the instrument so as to warrant denial of summary judgment for foreclosure and sale. The phrase is translated, "In accordance with heter iska" or "partnership". According to a rabbi's unsworn statement attached to defendant Goldstein's moving papers, it refers to a document called the "shtar iska", executed by the parties to a loan transaction, which creates a partnership between the borrower and lender in order to avoid a religious prohibition against the charging of interest. However, the parties to the instant transaction do not dispute that no shtar iska was ever executed. Moreover, the promissory note recites, at clause 16: "Nothing herein or in the Mortgage is intended to create a joint venture, partnership, tenancy-in-common, or joint tenancy relationship between Borrower and Lender, nor to grant Lender any interest in the Mortgaged Property other than that of creditor or mortgagee."

In *Barclay Commerce Corp. v Finkelstein* (11 AD2d 327, 328), this court noted that the heter iska constitutes "merely a compliance in form with Hebraic law", that a partnership is not created thereby and that the issue is devoid of merit *(see also, Barclays Discount Bank v Levy,* 743 F2d 722, 724). In the instant matter, there exists no separate shtar iska or partnership agreement which can be asserted to vary the terms of the promissory note. Furthermore, the explicit language of the promissory note clearly disavows any such intent and "a contract must be construed according to the expressed intent of the parties" *(Green v Doniger,* 300 NY 238, 245).

We find no merit to defendant Goldstein's contention that execution of the mortgage agreement by the partnership was ultra vires and without his knowledge and consent. We note that plaintiff is not charged with knowledge of Goldstein's status as general partner because no amended partnership agreement reflecting his addition as a general partner was filed until February, 1989, more than one year after the mortgage documents were signed *(Arno Mgt. Corp. v 115 E. 69th Assocs.,* 173 AD2d 258). Nor is defendant's argument aided by his delay in raising the issue of the propriety of the mortgage agreement until three years after it was entered into by the partnership.

Defendant's other contentions have been examined and found to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.