■ In the Matter of B.C.I. INDUSTRIAL CATERING, INCORPORATED, Respondent, v TOWN OF HUNTINGTON et al., Appellants. [674 NYS2d 373] —In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Huntington, dated March 26, 1996, which awarded a food service license and concession contract for the Dix Hills Ice Rink, Swimming Pool, and Golf Course to D&J Refreshments, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), entered May 22, 1997, which, upon granting the respondent's motion for reargument, vacated its earlier determination, annulled the Town Board's resolution, and remitted the matter to the Town Board for re-examination of its determination not to award the food service license and concession contract to the respondent, and to give the respondent an opportunity to address the objections of the Town Board.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The respondent and D&J Refreshments (hereinafter D&J) submitted bids for a food service license and concession contract to be awarded by the Town of Huntington (hereinafter the Town). The Town accepted D&J's bid and the respondent subsequently commenced this proceeding to review the Town's determination. While initially denying the petition, upon rear-

gument, the Supreme Court annulled the determination and remitted the matter to the Town Board.

The appellants correctly contend that the Supreme Court erred in applying General Municipal Law § 103, the competitive-bidding statute, to the selection process in this case. By its terms, the statute applies only to contracts for public work or purchase contracts (*see, Matter of Exley v Village of Endicott,* 51 NY2d 426, 431). "[A] contract in the nature of a lease by a public entity as lessor or by which a franchise or license is granted need not, generally, be subjected to the competitive bidding process, for such a contract does not ordinarily involve an expenditure of public money" (*Matter of Citiwide News v New York City Tr. Auth.,* 62 NY2d 464, 470). The nature of the contract must be determined by examining the total character of the arrangement (*see, Matter of Citiwide News v New York City Tr. Auth., surpa; Matter of Exley v Village of Endicott, supra*).

Here, in return for payment to the Town of a fixed percentage of annual gross sales, D&J is permitted to use the Town-owned facility to conduct a specified business. In addition, D&J is to make certain capital improvements, which will revert to the Town upon expiration of the contract. "Intrinsic to the operation of this license is the need for adequate facilities to carry out the proposed business" (*Matter of Citiwide News v New York City Tr. Auth., supra,* at 472). The ownership of the improvements is of incidental benefit to the Town and that aspect of the transaction does not alter the essential character of the arrangement as a licensing agreement. Consequently, the transaction does not fall within the ambit of the competitive-bidding statute (*see, Matter of Citiwide News v New York City Tr. Auth., supra,* at 473). Since there was no violation of General Municipal Law § 103 and the respondent has not otherwise demonstrated that the Town's determination was arbitrary and capricious, the petition is denied and the proceeding is dismissed.

In light of our determination, it is unnecessary to consider the parties' remaining contentions. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.