■ ANTHONY P. GIUSTINO et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [760 NYS2d 862] —In an action, inter alia, for a judgment declaring an agreement dated June 21, 2001, invalid based on violations of General Municipal Law § 103 and Nassau County Charter § 2206, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin,

J.), dated June 25, 2002, which granted the defendants' separate motions to dismiss the complaint insofar as asserted against them for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in favor of the defendants declaring that the agreement dated June 21, 2001, is valid and is not in violation of General Municipal Law § 103 and Nassau County Charter § 2206.

The defendant County of Nassau entered into an operational agreement (hereinafter the agreement) with the defendant Nassau Heritage (hereinafter Heritage), dated June 21, 2001, pursuant to which Heritage was granted an exclusive license to manage and operate the museum complex known as the Mitchel North site in Nassau County. Pursuant to the agreement, Heritage was obligated to provide for, inter alia, fundraising, marketing, promotion, custodial services for the County's aerospace collections, curatorial services, and public education. The plaintiffs commenced this action alleging that the agreement is violative of General Municipal Law § 103 and Nassau County Charter § 2206. We disagree.

The agreement is of a hybrid nature predominantly providing for professional services requiring specialized skill and expertise. Thus, the agreement falls outside the ambit of the competitive bidding statutes (*see Matter of Exley v Village of Endicott,* 51 NY2d 426, 431-432 [1980]; *Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118, 122-123 [1992]; *Hurd v Erie County,* 34 AD2d 289, 292 [1970], citing *People ex rel. Smith v Flagg,* 17 NY 584, 587 [1857]). Although the agreement gives Heritage the right, inter alia, to undertake certain capital improvements at the site, the essential character of the agreement as one requiring the provision of specialized services not subject to statutory competitive bidding requirements is not altered (*see Matter of Citiwide News v New York City Tr. Auth.,* 62 NY2d 464, 471-472 [1984]; *Matter of B.C.I. Indus. Catering v Town of Huntington,* 250 AD2d 675, 676 [1998]). The agreement also does not violate Nassau County Charter § 2206, which provides an express exception for personal service contracts (*see Matter of Long Is. Signal Corp. v County of Nassau,* 51 Misc 2d 320, 331 [1966]). Accordingly, the Supreme Court properly determined that the complaint fails to state a cause of action since the complaint contains only bare legal conclusions and factual claims which are flatly contradicted by the documentary evidence (*see Ken-*

*neth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 162 [1997]; *Gertler v Goodgold,* 107 AD2d 481, 485 [1985], *affd* 66 NY2d 946 [1985]).

We note, however, that since this is, in part, a declaratory judgment action, the Supreme Court should have entered a judgment declaring that the agreement is not violative of General Municipal Law § 103 and Nassau County Charter § 2206 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.