■ ZACK ASSOCIATES, INC., Respondent, v SETAUKET FIRE DISTRICT, Appellant. [783 NYS2d 827]—

In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 13, 2003, as denied those branches of its motion which were for summary judgment dismissing the complaint and on its counterclaim to recover all money paid pursuant to the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant contends that the complaint should have been dismissed because the underlying contracts provided that all disputes were to be resolved by mediation/arbitration. However, even assuming the arbitration clause was enforceable as to all contracts, the defendant waived its right to arbitrate by actively participating in this litigation (*see Sherrill v Grayco Bldrs.,* 64 NY2d 261 [1985]; *Figueroa v Flatbush Women's Servs.,* 244 AD2d 453 [1997]).

The defendant further contends that the underlying contracts are void because they were entered into in violation of General Municipal Law § 103, which requires that such contracts be

awarded pursuant to competitive bidding. Because the nature of the work covered by these contracts required specialized services, they were not subject to statutory competitive bidding requirements (*see Matter of Citiwide News v New York City Tr. Auth.*, 62 NY2d 464, 471-472 [1984]; *Giustino v County of Nassau*, 306 AD2d 376 [2003]; *Matter of B.C.I. Indus. Catering v Town of Huntington*, 250 AD2d 675, 676 [1998]). Therefore, the contracts did not violate General Municipal Law § 103.

The defendant also contends that the plaintiff engaged in conduct which constituted an anticipatory breach of the underlying contracts and, therefore, it was entitled to terminate the contracts. The defendant failed to meet its prima facie burden on this motion of demonstrating that the plaintiff's conduct constituted an anticipatory breach as it failed to tender evidence sufficient to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and the motion was properly denied.

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.