■ ST. PAUL TRAVELERS COMPANIES, INC., Respondent, v JOSEPH MAURO & SON, INC., Defendant, and SHORE DRUGS, INC., Appellant. [827 NYS2d 664]—

In an action, inter alia, to recover damages for breach of contract, the defendant Shore Drugs, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated November 30, 2005, as denied that branch of its cross motion which was to dismiss the complaint insofar as asserted against it on the ground that the controversy should be submitted to arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, even if the arbitration clause in an underlying lease were enforceable against the plaintiff, the appellant waived its right to arbitrate by actively participating in this litigation (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261 [1985]; *Matter of Zimmerman [Cohen]*, 236 NY 15, 19 [1923]; *Nachman v Jenelo Corp.*, 25 AD3d 593 [2006]; *Morris v Signorelli*, 12 AD3d 653 [2004]; *Zack Assoc., Inc. v Setauket Fire Dist.*, 12 AD3d 439 [2004]; *Figueroa v Flatbush Women's Servs.*, 244 AD2d 453 [1997]). The appellant's actions in, inter alia, submitting and responding to various discovery demands, seeking to consolidate this action with a related action, and appearing for a preliminary conference were clearly inconsistent with its later contention that this action should be resolved by arbitration (*see Sherrill v Grayco Bldrs., supra; De Sapio v Kohlmeyer*, 52 AD2d 780 [1976]; *Matter of Zimmerman [Cohen], supra*).

Accordingly, the Supreme Court properly denied that branch of the appellant's cross motion which was to dismiss the complaint insofar as asserted against it on the ground that the controversy should be submitted to arbitration. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.