■ THE ACCESSORY CORPORATION, Respondent, v CAPCO WAI SHING, LLC, et al., Appellants. [834 NYS2d 139]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 18, 2006, which denied defendants' motion to stay the action and compel arbitration, unanimously affirmed, with costs.

While arbitration is favored as a matter of public policy (see *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]), and the license agreement between defendant Wai Shing Plastic Hangars (Wai) and plaintiff contained an arbitration clause pursuant to which there is a pending arbitration relating to Wai's purported wrongdoing under the contract, "a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984] [internal quotation marks and citation omitted]; see also *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]).

Here, plaintiff never agreed to arbitrate with the individual defendants or defendant Capco Wai Shing, LLC, and the claims asserted in this action do not arise out of, or in any way relate to, the licensing agreement between Wai and plaintiff. Indeed, the allegations in this action primarily assert intentional torts occurring subsequent to the licensing agreement's termination.

In any event, even had defendants possessed a right to compel arbitration of this dispute, their participation in discovery would have constituted an affirmative acceptance of the judicial forum, with a concomitant waiver of any right to arbitration (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.