■ Estate of Jerry Castellone, Also Known as Gennaro J. Castellone, Appellant, v JP Morgan Chase Bank, N.A., et al., Respondents. [875 NYS2d 130]—

In an action to recover damages, inter alia, for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 24, 2008, which granted the motion of the defendants to dismiss the complaint and compel the plaintiff to arbitrate and denied its cross motion to compel discovery.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the complaint, and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof granting that branch of the defendants' motion which was to compel the plaintiff to arbitrate and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to arbitrate its claims against the defendant JP Morgan Chase Bank, N.A., and its predecessors Chase Investment Services Corp., and JP Morgan Chase & Co., and otherwise denying that branch of the motion, and (3) adding thereto a provision staying the action against all of the defendants pending arbitration of the plaintiff's claims against the defendant JP Morgan Chase Bank, N.A., and its predecessors Chase Investment Services Corp., and JP Morgan Chase & Co.; as so modified, the order is affirmed, without costs or disbursements.

In February 1994 the plaintiff's decedent, Jerry Castellone, also known as Gennaro J. Castellone, opened an investment account with Chemical Investment Services Corp. (hereinafter CIS), a corporate predecessor of the defendant JP Morgan Chase Bank, N.A. (hereinafter Chase). Castellone signed a customer agreement (hereinafter the agreement), which provided that "any controversy" between him and CIS "shall" be submitted to arbitration. The agreement also contained a waiver of the parties' respective rights to seek remedies "in court." Certain transactions that are the subject of this action were made concerning Castellone's account in or about July 2000. Castellone died in July 2001. In January 2006 his estate, by Limited Administrators of the Property, commenced this action against Chase and the individual defendants, who are alleged to be current and former employees of Chase, seeking damages, inter alia, for breach of contract and fraud. The defendants asserted in their answer that the claims were subject to arbitration, noti-

fied the plaintiff's counsel of their position, and never wavered in asserting that the claims must be arbitrated. Although the defendants served a deposition notice, they never sought to take depositions, and compliance with the plaintiff's notice for discovery and inspection was repeatedly extended by stipulation. Eventually, the defendants moved to dismiss the complaint and to compel the plaintiff to arbitrate. The plaintiff cross-moved to compel discovery. The Supreme Court granted the motion and denied the cross motion. We modify.

Inasmuch as the plaintiff acknowledges that Castellone signed the agreement, its argument that it is not bound by the agreement is without merit. Similarly, the plaintiff's contention that the defendants waived their right to arbitration by availing themselves of the benefits of litigation is without merit. A defendant in an action who has the right to arbitrate a claim may indeed forfeit or waive that right by acts inconsistent with the intention to arbitrate (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]; *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 372 [2005]). " 'The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration' " (*Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 263 [1985], quoting *De Sapio v Kohlmeyer*, 35 NY2d 402, 406 [1974]). Thus, a defendant who utilizes the tools of litigation, or participates in litigation for an unreasonable period without asserting the right to arbitrate, may lose the right to compel arbitration (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273 [1985]; *De Sapio v Kohlmeyer*, 35 NY2d at 405-406; *Fein v General Elec. Co.*, 40 AD3d 807, 808 [2007]). Here, however, the defendants never acted in a manner inconsistent either with their intent to arbitrate the claims or with their right to do so pursuant to the agreement. They asserted, in their answer, the right to arbitrate, repeatedly made clear to opposing counsel their position that the claims were subject to arbitration, and never availed themselves of discovery in the litigation (*see Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y.*, 294 AD2d 409, 410 [2002]; *cf. Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 372; *St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 36 AD3d 891, 892 [2007]).

The individual defendants, however, were not parties to the agreement, which required arbitration only between Castellone and CIS. Consequently, the plaintiff is not obligated to arbitrate its claims against the individual defendants.

Thus, the Supreme Court should have granted that branch of the defendants' motion which was to compel arbitration of the

plaintiff's claims against Chase and its predecessors Chase Investment Services Corp. and JP Morgan Chase & Co. (hereinafter collectively Chase and its predecessors). Upon granting that branch of the motion, the court should have stayed, not dismissed, the plaintiff's action as against Chase (*see* CPLR 7503 [a]; *Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 300 [1974]; *Rosenblum v Steiner*, 55 AD2d 867, 868 [1977]). Moreover, inasmuch as the issues to be decided in the arbitration against Chase and its predecessors are in many respects identical to those to be decided against the individual defendants (*see Brown v V&R Adv.*, 112 AD2d 856, 861 [1985], *affd for reasons stated below* 67 NY2d 772 [1986]; *cf. Hirschfeld Prods. v Mirvish*, 88 NY2d 1054, 1055-1056 [1996]), the action insofar as asserted against the individual defendants should have been stayed as well pending the arbitration of the plaintiff's claims against Chase and its predecessors (*see Marcus v Millwork Trading Co.*, 208 AD2d 448 [1994]). In light of these circumstances, we modify the order by staying, rather than dismissing, the action, pending arbitration of the plaintiff's claims against Chase and its predecessors (*see* CPLR 7503 [a]; *De Sapio v Kohlmeyer*, 35 NY2d 402, 404 [1974]; *Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d at 300; *Brown v V&R Adv.*, 112 AD2d at 861; *Rosenblum v Steiner*, 55 AD2d at 868).

The plaintiff's remaining claims are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.