■ LZG REALTY, LLC, et al., Respondents, v H.D.W. 2005 FOREST, LLC, Respondent, and ELI WEINSTEIN, Appellant, et al., Defendants. (And a Third-Party Action.) (Action No. 1.) BONANNO REALTY, LLC, et al., Respondents, v H.D.W. 2005 FOREST, LLC, et al., Respondents, and ELI WEINSTEIN, Appellant, et al., Defendants. (Action No. 2.) [896 NYS2d 389]—

In two related actions, inter alia, to foreclose a mortgage, Eli Weinstein, a defendant in both actions, appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated February 19, 2009, which denied his motion to compel arbitration and stay the actions.

Ordered that the order is affirmed, with costs.

A defendant in an action who has the right to arbitrate a claim may forfeit or waive that right by acts inconsistent with the intention to arbitrate (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]; *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 372 [2005]). " 'The courtroom may not be used as a convenient vestibule to the arbitration hall so as to

allow a party to create his own unique structure combining litigation and arbitration' " (*Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 263 [1985], quoting *De Sapio v Kohlmeyer*, 35 NY2d 402, 406 [1974]). Thus, a defendant who utilizes the tools of litigation, or participates in litigation for an unreasonable period without asserting the right to arbitrate, may lose the right to compel arbitration (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273 [1985]; *De Sapio v Kohlmeyer*, 35 NY2d at 405-406; *Fein v General Elec. Co.*, 40 AD3d 807, 808 [2007]; cf. *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 622-623 [2009]).

Here, the appellant, Eli Weinstein, a defendant in both actions, asserts that an "Iska Contract" executed on March 24, 2006, gave him the right to arbitrate any claims arising from a loan made to him on that date from the respondent Tissa Funding Corp. (hereinafter Tissa), a plaintiff in action No. 1. Weinstein, however, did not assert the right to arbitrate in his answer in that action or at any other time until approximately 1½ years after that action was commenced. On November 16, 2007, Weinstein entered into a forbearance agreement with Tissa and LZG Realty, LLC (the other plaintiff in action No. 1), in lieu of answering the complaint in action No. 1. In that forbearance agreement, Weinstein stipulated to joint trials of action No. 1 and action No. 2, which are both actions, inter alia, to foreclose mortgages on the same property, and were brought by parties to separate loans. Moreover, Weinstein participated in extensive discovery. His only excuse for failing to assert his purported right to arbitrate was that he had not retained a copy of the Iska Contract and had "completely forgotten that it contained an arbitration provision." Under these circumstances, Weinstein's conduct evinced an intent over an extended period of time to litigate, rather than to arbitrate (*see St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 36 AD3d 891, 892 [2007]). Accordingly, the Supreme Court properly denied Weinstein's motion to compel arbitration and stay the actions. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.