■ HELENE BYRNES et al., Respondents, v MARC CASTALDI et al., Appellants, et al., Defendants. [898 NYS2d 640]—

In an action, inter alia, to recover damages for breach of contract, the defendants Marc Castaldi, Marc Contracting, Inc., Marc Equities, Inc., and Marc Construction & Excavating, Inc., appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated December 2, 2008, which denied their motion, among other things, to compel arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court denied the motion of the defendants Marc Castaldi, Marc Contracting, Inc., Marc Equities, Inc., and Marc Construction & Excavating, Inc. (hereinafter collectively the appellants), inter alia, to compel arbitration, finding that the appellants waived the arbitration clause by serving discovery demands.

While arbitration is an accepted method to resolve disputes if the parties contracted for that remedy, "a defendant who utilizes the tools of litigation, or participates in litigation for an unreasonable period without asserting the right to arbitrate, may lose the right to compel arbitration" (*Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 623 [2009]; *see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273 [1985]). A defendant may forfeit the right to arbitrate by acting inconsistently with the intention to arbitrate, such as by participating in the discovery process without asserting the right to arbitration (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]; *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d at 623).

As stated by the Court of Appeals, "[t]he crucial question, of course, is what degree of participation by the defendant in the action will create a waiver of a right to stay the action. In the absence of unreasonable delay, so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant's participation in the lawsuit manifests an affirmative acceptance of the

judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]).

Although the appellants did not move to compel arbitration until approximately four months after they had filed their answer, this passage of time between the commencement of the action and the motion to compel arbitration, while a factor to be considered, did not require denial of the motion (*see Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621 [2009]). Since the period of time between the service of the answer and the motion was not lengthy, the appellants' conduct in this regard did not serve to waive the right to arbitrate (*see Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621 [2009]; *see also Matter of Riggi [Lupe Constr. Co.]*, 176 AD2d 1177 [1991]; *cf. Accessory Corp. v Capco Wai Shing, LLC*, 39 AD3d 344, 345 [2007]; *St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 36 AD3d 891, 892 [2007]). The appellants repeatedly raised the issue of arbitration before the assigned Justice and moved to compel arbitration pursuant to the time frame directed by the Supreme Court at a court conference.

Further, the appellants did not waive arbitration by serving an answer, since their answer included an affirmative defense that the parties' dispute should be determined by arbitration (*see De Sapio v Kohlmeyer*, 35 NY2d at 405; *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621 [2009]).

The appellants also did not waive arbitration by engaging in discovery before moving to compel arbitration. While examinations before trial were scheduled, the depositions were not conducted and only limited disclosure occurred, and the demands for that discovery did not, without other inconsistent acts, serve to waive arbitration.

Accordingly, since the plaintiffs failed to show that the four-month delay or any of the other conduct of the appellants resulted in prejudice to them, the appellants did not waive the contractual remedy of arbitration.

As an alternative ground to affirm the order appealed from (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), the plaintiffs rely on General Business Law § 399-c (2), which voids binding arbitration clauses in any written contract for the sale or purchase of consumer goods to which a consumer is a party (*see Ragucci v Professional Constr. Servs.*, 25 AD3d 43 [2005]). General Business Law § 399-c (2) (b) provides, in pertinent part, that "[t]he provisions of a mandatory arbitration clause shall be null and void. The

inclusion of such clause in a written contract for the sale or purchase of consumer goods shall not serve to impair the enforceability of any other provision of such contract" (General Business Law § 399-c [2] [b]).

Here, there is no dispute that the plaintiffs are consumers as that term is defined by General Business Law § 399-c (1) (c). General Business Law § 399-c (1) (b) defines the term "consumer goods" to mean "goods, wares, paid merchandise or services purchased or paid for by a consumer, the intended use or benefit of which is intended for the personal, family or household purposes of such consumer." The house being built for the plaintiffs was for their personal use as their residence. One of the purposes of the enactment of General Business Law § 399-c was to address "[a]buses, particularly rife in the home improvement industry, [that] gave truly voluntary business-consumer arbitration a bad name, and thus led to wide support for corrective action" (Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law § 399-c, at 773). Consistent with this purpose, General Business Law § 399-c has been interpreted to apply to a contract to renovate a personal residence for a consumer (see *Baronoff v Kean Dev. Co., Inc.*, 12 Misc 3d 627 [2006]). The language defining the term "consumer goods" is sufficiently broad to cover the subject matter of the plaintiffs' contract for the construction of their single-family residence on land owned by the plaintiffs.

Therefore, the binding arbitration clause contained in the subject contract was voided by the plaintiffs' timely assertion of the provisions of General Business Law § 399-c.

Accordingly, the Supreme Court properly denied the appellants' motion, inter alia, to compel arbitration. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.