In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated April 11, 2011, which granted the separate motions of the defendants Nikko Construction Corp. and SDM Construction II, LLC, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them, and dismissed the complaint in its entirety.
Ordered that the order and judgment is reversed, on the law, with costs, the separate motions of the defendants Nikko Construction Corp. and SDM Construction II, LLC, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them are denied, and the complaint is reinstated as against all of the defendants.
The Supreme Court granted the separate motions of the defendants Nikko Construction Corp. (hereinafter Nikko) and SDM Construction II, LLC (hereinafter SDM), pursuant to *795 CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff failed to comply with provisions in its construction contract with Nikko, which required that claims arising out of the contract be submitted first to mediation and then, if mediation proved unsuccessful, to arbitration, and dismissed the complaint in its entirety. However, an agreement to submit a dispute to mediation and arbitration is not a defense to an action, and, thus, may not be the basis for a motion to dismiss a complaint based on documentary evidence (see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738 [1978]; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 940 [2011]; Curran v Estate of Curran, 87 AD3d 607 [2011]; Nachman v Jenelo Corp., 25 AD3d 593 [2006]). Moreover, SDM and the defendants Tri Equities Construction Corp., and EFCO Corporation were not parties to the plaintiffs contract with Nikko, and, thus, there is no agreement between the plaintiff and these parties to submit any disputes arising under the Nikko contract to mediation and arbitration (see TNS Holdings v MKI Sec. Corp., 92 NY2d 335 [1998]). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.