■ WILMOS FRIEDMAN et al., Plaintiffs, v CYL CEMETERY, INC., et al., Defendants/Cross Claim Defendants-Respondents, and CONGREGATION YETEV LEV D'SATMAR, INC., Defendant/Cross Claim Plaintiff-Appellant, et al., Defendant/Cross Claim Plaintiff, et al., Defendants. BERL FRIEDMAN et al., Additional Cross Claim Defendants-Respondents. [952 NYS2d 624]—

Contrary to the Supreme Court's determination, the defendants/cross claim defendants CYL Cemetery, Inc., Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc., Central Congregation Yetev Lev D'Satmar, Inc., Joseph Weiss, and David Markowitz and the additional cross claim defendants Berl Friedman, Isaac Rosenberg, David Hauer, and Samuel Oberlander (hereinafter collectively the respondents), waived any right they had to arbitrate by actively participating in the litigation (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273 [1985]; *Accessory Corp. v Capco Wai Shing, LLC*, 39 AD3d 344, 345 [2007]; *St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 36 AD3d 891, 892 [2007]). The respondents failed to raise their purported right to arbitration as a defense in their answers, and thereafter moved for a change of venue, sought discovery, participated in preliminary conferences, moved to dismiss the cross claims, and waited more than one year after the interposition of the cross claims and more than eight months after the service of their answers to move to compel arbitration. This conduct was " 'clearly inconsistent with [their] later claim that the parties were obligated to settle their differences by arbitration' " (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007], quoting *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 372 [2005]).

In light of our determination, we need not reach the parties' remaining contentions. Belen, J.P., Hall, Lott and Austin, JJ., concur.