County of Nassau v Detectives Assn., Inc., of the Police Dept. of Nassau County (2020 NY Slip Op 06745)





County of Nassau v Detectives Assn., Inc., of the Police Dept. of Nassau County


2020 NY Slip Op 06745


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05753
 (Index No. 603223/18)

[*1]County of Nassau, appellant, 
v
Detectives Association, Inc., of the Police Department of Nassau County, et al., respondents.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee, William C. DeWitt, and Jason Greenfield of counsel), for appellant.
Steven E. Losquadro P.C., Rocky Point, NY (John Ciampoli of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that a memorandum of agreement dated September 15, 2017, is invalid and unenforceable, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 12, 2019. The order and judgment, in effect, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel arbitration, and, in effect, dismissed the complaint.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, dismissing the complaint, (2) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision denying that branch of the motion, and (3) by adding thereto a provision staying the action pending arbitration; as so modified, the order and judgment is affirmed, without costs or disbursements.
The County of Nassau and the Detectives Association, Inc., of the Police Department of Nassau County (hereinafter the DAI) are parties to a collective bargaining agreement. The County and the DAI entered into a memorandum of agreement dated September 15, 2017 (hereinafter the MOA), which addressed, inter alia, longevity payments. In March 2018, the County commenced this action seeking a judgment declaring that the MOA is invalid and unenforceable because it was based upon a mutual mistake of fact. The DAI then submitted a grievance to the Commissioner of Police, alleging, inter alia, that DAI members were not receiving longevity payments in accordance with the MOA. The County subsequently commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration against the DAI, which is the subject of Matter of County of Nassau v Detectives Association, Inc., of the Police Department of Nassau County ( ___ AD3d ___ [Appellate Division Docket No. 2019-05754; decided herewith]).
In the instant action, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel the County to submit to arbitration. The Supreme Court, in effect, granted the defendant's motion in its entirety and, in effect, dismissed the complaint. The County appeals.
As discussed in Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County (___ AD3d ___ [Appellate Division Docket No. 2019-05754; decided herewith]), the grievance arising from the MOA is arbitrable. As such, contrary to the determination of the Supreme Court, the validity of the substantive provisions of the MOA, including whether the MOA is invalid because of mutual mistake, is for the arbitrator to decide (see Matter of Cassone, 63 NY2d 756, 758; Matter of Prinze [Jonas], 38 NY2d 570, 577)
Further, CPLR 7503(a) provides, inter alia, that if a motion to compel arbitration in a pending action is granted, "the order shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration." Accordingly, upon granting that branch of the defendants' motion which was to compel arbitration, the court should have stayed, not dismissed, the County's action (see CPLR 7503[a]; Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 300; Estate of Castellone v JP Morgan Chase Bank, N.A., 60 AD3d 621, 623-624).
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court