Matter of State Farm Ins. Co. v Calvello (2021 NY Slip Op 06282)





Matter of State Farm Ins. Co. v Calvello


2021 NY Slip Op 06282


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


936 CA 21-00494

[*1]IN THE MATTER OF STATE FARM INSURANCE COMPANY, PETITIONER-RESPONDENT,
v
MARK A. CALVELLO, RESPONDENT-APPELLANT. 






VIOLA CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HAGELIN SPENCER LLC, BUFFALO (RICHARD J. PORTER OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 9, 2020 in a proceeding purusant to CPLR article 75. The order denied respondent's motion to dismiss the petition and granted the petition to stay arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the petition is dismissed.
Memorandum: After sustaining injury in an automobile collision, respondent insured served on petitioner insurer a notice of intention to arbitrate the parties' dispute over supplemental uninsured motorist benefits. More than 20 days after receiving that notice, petitioner filed a petition seeking a stay of arbitration. Respondent moved to dismiss the petition on the ground that, inter alia, it was untimely. The parties then agreed to adjourn proceedings on the petition while respondent provided petitioner with discovery. After respondent provided petitioner with certain discovery, petitioner made further discovery demands, to which respondent objected. Thereafter, Supreme Court denied the motion and granted the petition, temporarily staying arbitration while discovery continued. Respondent appeals, and we reverse. As petitioner correctly concedes, the petition was untimely inasmuch as petitioner filed it more than 20 days after receiving respondent's notice of intention to arbitrate (see CPLR 7503 [c]; Matter of GEICO Gen. Ins. Co. v Glazer, 173 AD3d 499, 499 [1st Dept 2019]), and the court thus erred in denying the motion (see John W. Cowper Co. v Clintstone Props., 120 AD2d 976, 977 [4th Dept 1986], lv denied 68 NY2d 610 [1986]). Although petitioner is correct that a party "who utilizes the tools of litigation, or participates in litigation for an unreasonable period without asserting the right to arbitrate, may lose the right to compel arbitration" (Estate of Castellone v JP Morgan Chase Bank, N.A., 60 AD3d 621, 623 [2d Dept 2009]; see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66-67 [2007]), respondent did not, by consenting to prearbitration discovery, waive his objection to a stay of arbitration inasmuch as he "never acted in a manner inconsistent either with [his] intent to arbitrate the claims or with [his] right to do so pursuant to the [policy]" (Castellone, 60 AD3d at 623). To the contrary, it is undisputed that the matter will ultimately proceed to arbitration.
Furthermore, to the extent that petitioner's application can be construed as seeking court-ordered discovery "to aid in arbitration" (CPLR 3102 [c]), we conclude that petitioner was not entitled to that relief because it failed to establish the requisite extraordinary circumstances (see AXA Equit. Life Ins. Co. v Kalina, 101 AD3d 1655, 1656 [4th Dept 2012]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court