Arnav Indus. Inc. Profit Sharing Plan & Trust v 3449-3461 Hamilton Ft, LLC (2025 NY Slip Op 02052)

Arnav Indus. Inc. Profit Sharing Plan & Trust v 3449-3461 Hamilton Ft, LLC

2025 NY Slip Op 02052

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-07744 
2023-09922
 (Index No. 506240/22)

[*1]Arnav Industries Inc. Profit Sharing Plan and Trust, respondent, 
v
3449-3461 Hamilton Ft, LLC, et al., appellants, et al., defendants.

Miller, Leiby & Associates, P.C., New York, NY (David Lewittes of counsel), for appellants.
Fleischmann PLLC, New York, NY (Jeffrey Fleischmann and Gary M. Heller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants 3449-3461 Hamilton Ft, LLC, Dov Zabrowsky, Yaakov Glatzer, and Moshe Glatzer appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 16, 2023, and (2) an order of the same court dated August 10, 2023. The order dated June 16, 2023, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants 3449-3461 Hamilton Ft, LLC, Dov Zabrowsky, Yaakov Glatzer, and Moshe Glatzer and denied those defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration and stay the action pending arbitration, or, in the alternative, pursuant to CPLR 3012(d) for leave to serve a late answer and to compel the plaintiff to accept service of their late answer. The order dated August 10, 2023, denied those defendants' motion for leave to reargue their opposition to that branch of the plaintiff's motion which was for leave to enter a default judgment against those defendants and their cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration and stay the action pending arbitration, or, in the alternative, pursuant to CPLR 3012(d) for leave to serve a late answer and to compel the plaintiff to accept service of their late answer.
ORDERED that the appeal from the order dated August 10, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 16, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 4, 2019, the defendant 3449-3461 Hamilton Ft, LLC (hereinafter Hamilton Ft), executed and delivered to the plaintiff, Arnav Industries Inc. Profit Sharing Plan and Trust, a note in the amount of $6,100,000, secured by a consolidated mortgage encumbering real [*2]property located in Brooklyn. The defendants Dov Zabrowsky, Yaakov Glatzer, and Moshe Glatzer (hereinafter collectively with Hamilton Ft, the appellants) executed a personal guaranty (hereinafter the guaranty), guaranteeing payment of all amounts owed under the note. Additionally, the appellants, but not the plaintiff, executed a heter iska (hereinafter the iska agreement), which is an agreement that "creates a partnership between the borrower and lender in order to avoid a religious prohibition against the charging of interest" (Arnav Indus., Inc. Empl. Retirement Trust v Westside Realty Assoc., 180 AD2d 463, 463). An explanation of the iska agreement included in motion papers submitted by the appellants stated, inter alia, that "Jewish law strictly prohibits paying and receiving interest on loans" and that the funds were advanced as an investment rather than as an interest-bearing loan. By letter dated November 23, 2021, the plaintiff notified the appellants of their default, in that they had failed to make monthly payments in connection with the loan.
In March 2022, the plaintiff commenced this action to foreclose the mortgage and to enforce the guaranty. The appellants did not answer the complaint or otherwise appear in the action. In March 2023, the plaintiff moved, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against the appellants. The appellants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of subject matter jurisdiction or for failure to state a cause of action, or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration and stay the action pending arbitration, or, in the alternative, pursuant to CPLR 3012(d) for leave to serve a late answer and to compel the plaintiff to accept service of their late answer.
By order dated June 16, 2023, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the appellants' cross-motion. In July 2023, the appellants moved for leave to reargue their opposition to that branch of the plaintiff's prior motion and their prior cross-motion. By order dated August 10, 2023, the court denied the appellants' motion for leave to reargue. This appeal ensued.
As an initial matter, the appeal from the order dated August 10, 2023, must be dismissed, as no appeal lies from an order denying reargument (see P.S. Fin., LLC v Eureka Woodworks, Inc., 213 AD3d 863).
"On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, 'proof of the facts constituting the claim,' and proof of the defendant's default in answering or appearing" (Pemberton v Montoya, 216 AD3d 988, 989, quoting CPLR 3215[f]; see Hersko v Hersko, 224 AD3d 810, 812). "Once the plaintiff has made such a showing, the defendant, in order to avoid entry of a default judgment, must show either that there was no default, or that [the defendant] has a reasonable excuse for its delay and a potentially meritorious defense" (Pemberton v Montoya, 216 AD3d at 989 [internal quotation marks omitted]; see Hersko v Hersko, 224 AD3d at 812). "'The determination as to whether an excuse is reasonable is committed to the sound discretion of the motion court'" (Hersko v Hersko, 224 AD3d at 812, quoting Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 786). "'The absence of a reasonable excuse renders it unnecessary to determine . . . the existence of a potentially meritorious defense to the action'" (New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d 683, 684, quoting US Bank N.A. v Smith, 132 AD3d 848, 851).
Here, the plaintiff established its entitlement to leave to enter a default judgment against the appellants by submitting a copy of the note and mortgage, the guaranty, affidavits of service, and an affirmation of the plaintiff's trustee, who attested, inter alia, that the appellants had defaulted in making payments under the loan documents (see Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132).
The appellants contend that their default in answering the complaint was excusable because the parties were engaged in ongoing settlement negotiations. While settlement negotiations, in certain instances, may constitute a reasonable excuse for a default (see Performance Constr. Corp. v Huntington Bldg., LLC, 68 AD3d 737, 738; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836), here, the appellants "failed to substantiate that the . . . lengthy delay in seeking leave to serve a late answer . . . was due to settlement negotiations" (Karalis v New Dimensions HR, Inc., 105 [*3]AD3d 707, 708). Because the appellants failed to provide a reasonable excuse for their default in answering the complaint, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see Jacob v Siberian Ice, LLC, 170 AD3d 1132, 1134).
The Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of subject matter jurisdiction or for failure to state a cause of action. The appellants contend that the court lacked subject matter jurisdiction because the iska agreement required the application of Jewish law and that the plaintiff failed to state a cause of action because the iska agreement converted the loan into an investment. However, the iska agreement was executed only by the appellants and not by the plaintiff, and there is no evidence that the plaintiff agreed to be bound by the iska agreement. In any event, the iska agreement constituted "merely a compliance in form with Hebraic law" and "a partnership is not created thereby" (Arnav Indus., Inc. Empl. Retirement Trust v Westside Realty Assoc., 180 AD2d at 464). The explicit language of the note provided that the loan "shall be governed by, and construed and interpreted in accordance with the laws of New York."
The appellants further contend that the arbitration clause of the iska agreement must be enforced. As stated, the iska agreement was executed only by the appellants and is not binding on the plaintiff. In any event, "[a] defendant in an action who has the right to arbitrate a claim may forfeit or waive that right by acts inconsistent with the intention to arbitrate" (LZG Realty, LLC v H.D.W. 2005 Forest, LLC, 71 AD3d 642, 642; see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66). "Thus, a defendant who utilizes the tools of litigation, or participates in litigation for an unreasonable period without asserting the right to arbitrate, may lose the right to compel arbitration" (LZG Realty, LLC v H.D.W. 2005 Forest, LLC, 71 AD3d at 643; see Sherrill v Grayco Bldrs., 64 NY2d 261, 272-273). Here, the appellants were aware that the instant action was commenced against them but did not assert the right to arbitrate until over a year after commencement of the action. Under the circumstances, the appellants waived the right to compel arbitration (see LZG Realty, LLC v H.D.W. 2005 Forest, LLC, 71 AD3d at 643).
In light of our determination, we need not reach the appellants' remaining contentions.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court