■ In the Matter of PRICEWATERHOUSECOOPERS L. L. P., Respondent, v CAROL RUTLEN, Appellant. [726 NYS2d 258] —Order, Supreme Court, New York County (Carol Huff, J.), entered January 5, 2001, which, *inter alia*, granted petitioner's application to compel arbitration of respondent's claims and enjoined respondent from proceeding with an action against petitioner in the State of California, unanimously affirmed, without costs.

The court properly found that respondent's claims are subject to the broad and unambiguous arbitration provision contained in the parties' Partners and Principals Agreement (*see, Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182; *Matter of Cowen & Co. v Anderson*, 76 NY2d 318). Even if the arbitration provision were ambiguous in scope, in view of the circumstance that its construction is governed by the Federal Arbitration Act, which strongly favors arbitration, any ambiguities as to the scope of the provision would be properly resolved in favor of arbitration (*see, Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith*, 516 US 811; *Volt Information Sciences v Leland Stanford Jr. Univ.*, 489 US 468, 476).

Contrary to respondent's contention, her claims under title VII of the Civil Rights Act of 1964 are arbitrable (*see, Circuit City Stores v Adams*, 532 US 105, 121 S Ct 1302, 1313, citing *Gilmer v Interstate/Johnson Lane Corp.*, 500 US 20, 26; *see*

*also, Desiderio v National Assn. of Sec. Dealers,* 191 F3d 198, 206, *cert denied* 531 US 1069; *Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, 633-635, *cert denied* 510 US 993).

Respondent has not shown that the subject arbitration provision is either substantively or procedurally unconscionable (*see, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10; *Sablosky v Gordon Co.,* 73 NY2d 133, 138). Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.