■ In the Matter of the Arbitration between AYCO COMPANY, L.P., et al., Appellants-Respondents, and KIRK A. WALTON, Respondent-Appellant. [770 NYS2d 453]—

Carpinello, J. Cross appeals from an order of the Supreme Court (McNamara, J.), entered May 14, 2003 in Albany County, which partially granted petitioners' application pursuant to CPLR 7503 to, inter alia, compel arbitration between the parties.

Petitioner Ayco Company, L.P. (hereinafter petitioner) is in the business of providing fee-based financial planning services to highly-compensated corporate executives around the country. Its principal office is in New York.* Respondent, an attorney, was hired to provide financial counseling to petitioner's clients from its California office. As one of petitioner's many limited partners, respondent was a signatory to a written partnership agreement governing the rights and obligations of all limited partners.

At issue on appeal is the scope of an arbitration provision in

---

* Petitioner Hambre, Inc. is petitioner's general partner.

the partnership agreement. The arbitration paragraph of this agreement clearly requires "that any controversy or dispute arising under, out of, in connection with, or relating to, this Agreement" must be resolved by arbitration in New York. However, a subsequent amendment to the partnership agreement referenced a restrictive covenant barring solicitation of petitioner's clients, and added a provision that "[a]ny action relating to or arising out of" a partner's violation of the restrictive covenant "shall be brought in and only in the United States District Court for the Northern District of New York."

Within days of being fired by petitioner in early December 2002, respondent filed a civil complaint in California state court alleging a number of common law causes of action and statutory violations purportedly committed by petitioner. Significantly, all of these claims arise out of his employment relationship. By order to show cause and demand dated December 20, 2002, petitioners filed the instant proceeding to compel arbitration in this state of its claim that respondent's posttermination activities, including alleged solicitation of clients, violated the restrictive covenant in the partnership agreement. Since the filing of these pleadings, procedural battling has raged with considerable vigor on both coasts.

After this matter was fully submitted, Supreme Court ordered the parties to limited arbitration in New York. Critical to Supreme Court's determination was its interpretation of the amendment to the partnership agreement. It construed the amendment as extracting from the omnibus arbitration provision any disputes relating to the restrictive covenant. It also found that certain of respondent's claims relating to conditions of employment did not arise out of the partnership agreement and thus were also not covered by the arbitration provision. Accordingly, it parsed through the numerous claims that had been asserted in the California action to determine whether they should be arbitrated in New York, or if they should continue to be litigated in California, and assigned certain claims to each venue. Since neither side prevailed completely, both appealed.

Initially, we agree with petitioners that the Federal Arbitration Act (hereinafter FAA) governs. The FAA applies to any contracts involving interstate commerce (*see* 9 USC § 2; *see also Allied-Bruce Terminix Cos. v Dobson*, 513 US 265, 268, 273-275, 281 [1995]), including employment contracts other than those involving federal transportation workers (*see Circuit City Stores v Adams*, 532 US 105, 113-116 [2001]; *see also* Bracker and Soderquist, *Arbitration in the Corporate Context*, 2003 Colum Bus L Rev 1, 25-28). The FAA also applies to partnership agree-

ments implicating interstate commerce (*see e.g. Alemac Ins. Servs. v Risk Transfer*, 2003 WL 22024070, *4 [SD NY Aug. 28, 2003]; *Matter of PricewaterhouseCoopers v Rutlen*, 284 AD2d 200, 200 [2001]), such as the one at issue here. Inasmuch as respondent's claims arise out of the business relationship between the parties, this dispute is governed by the FAA regardless of whether the agreement is viewed as an employment contract, as respondent urges, or as a partnership agreement (*see Matter of Curtis, Mallet-Prevost, Colt & Mosle v Garza-Morales*, 308 AD2d 261, 267 [2003]).

The FAA evinces Congress's intent to establish "an 'emphatic' national policy favoring arbitration which is binding on all courts, State and Federal" (*Singer v Jefferies & Co.*, 78 NY2d 76, 81 [1991]) such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (*Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 24-25 [1983]). Because the arbitration clause of the partnership agreement is exceedingly broad, encompassing "any controversy or dispute arising under, out of, in connection with, or relating to" the agreement and any subsequent amendments, even collateral matters are presumed to be arbitrable (*see Louis Dreyfus Negoce S.A. v Blystad Shipping & Trading Inc.*, 252 F3d 218, 224 [2001], *cert denied* 534 US 1020 [2001]; *Collins & Aikman Prods. Co. v Building Sys. Inc.*, 58 F3d 16, 23 [2d Cir 1995]; *Gerling Global Reinsurance Corp. v Home Ins. Co.*, 302 AD2d 118, 126 [2002], *lv denied* 99 NY2d 511 [2003]).

Respondent maintains that claims arising from the restrictive covenant are not arbitrable because the amendment to the partnership agreement provides for litigation of such claims in United States District Court. In our view, however, the designation of a venue for possible litigation is in no way inconsistent with the agreement's general requirement that all disputes be arbitrated, because, for example, this provision would govern in the event both parties waived arbitration. Even if we were to find a conflict between these two provisions, such an inconsistency would itself be resolved through arbitration (*see Matter of PricewaterhouseCoopers v Rutlen, supra* at 200).

We have considered the parties' remaining contentions, including respondent's argument that subsequent proceedings in California have rendered this matter moot, and find them unavailing. Accordingly, we conclude that all of the parties' claims, including those now pending in California courts, must be arbitrated in New York as provided in the partnership agreement.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered

that the order is modified, on the law, with costs to petitioners, by reversing so much thereof as partially denied petitioners' application to compel arbitration between the parties; application granted in its entirety; and, as so modified, affirmed.