CARLTON HOBBS REAL ESTATE, LLC, et al., Appellants, v SWEENEY & CONROY, INC., et al., Respondents, et al., Defendant. [838 NYS2d 516]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered February 27, 2006, which granted the motion by defendants Sweeney, Conroy and their contracting firm to compel arbitration of their claims under their agreement with plaintiff Carlton Hobbs Real Estate, unanimously affirmed, without costs.

Since the contract herein contained a clause providing for arbitration of any "claim, dispute or other matter in question arising out of or related to this Agreement or breach thereof" during the construction phase, the Sweeney/Conroy defendants moved to compel arbitration following the commencement of this action against them. The motion court directed plaintiffs to proceed to arbitration and severed the matter as against the defendant architect. Plaintiffs argue that the Federal Arbitration Act (9 USC § 1 *et seq.*) is inapplicable in this situation because the involvement of interstate commerce in this project was minimal, and, in any event, all claims relate to the contract, thus warranting that the entire matter be litigated together in the same forum.

Section 2 of the Arbitration Act makes enforceable a written arbitration provision in a contract that "evidenc[es] a transaction involving commerce." The United States Supreme Court has construed the words "involving commerce" to be "broader than the often-found words of art 'in commerce'" (*Allied-Bruce Terminix Cos. v Dobson*, 513 US 265, 273 [1995]), which are limited to "persons or activities within the flow of interstate commerce" (*Gulf Oil Corp. v Copp Paving Co.*, 419 US 186, 195 [1974]). "Involving commerce" is the functional equivalent of "affecting commerce" (*Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252 [2005]). Clearly, the Federal Arbitration Act applies to this situation.

This project entailed the retention of subcontractors, suppliers, consultants and designers from New Jersey, Connecticut and Europe, and some of the supplies and materials were purchased from, and/or manufactured by, out-of-state entities. In addition, the contractor utilized the services of a New Jersey asbestos monitoring company, which called for the transport of asbestos and other waste from New York to Hackensack for analysis. Even though most of the major contractors, suppliers and design professionals were based in New York, the fact remains that interstate commerce was most certainly affected (*see id.*; *ImClone Sys. Inc. v Waksal*, 22 AD3d 387 [2005]).

Plaintiffs' contention that their claims against the contractor must be consolidated with those against the architect and tried in state court because they are inextricably linked to the causes of action against the contractors is without merit. Not only are the causes of action against the architect separate and distinct from the claims against the contractors, but plaintiffs may not effectively eviscerate defendants' right to invoke arbitration by resorting to the stratagem of also asserting claims in the same lawsuit against the architect. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.