OPINION OF THE COURT
Gary F. Knobel, J.
The motion by the defendant, Slomin’s Inc., for an order *415 dismissing the action by plaintiff Raviv and compelling arbitration between plaintiff Schiffer and the defendant, is denied in its entirety.
This motion presents an issue of first impression, which was not raised by either party and arguably effects hundreds of consumers in New York: whether a clause in Slomin’s alarm and security agreement — giving “either party” the right to have “an action or dispute” resolved by binding arbitration before an arbitrator instead of a judge in court — is unenforceable, and deemed null and void, pursuant to General Business Law § 399-c.
Plaintiffs Dale Schiffer and Ram Raviv seek to recover in their small claims action $5,000 in damages for breach of contract, breach of warranty and fraud. In a notarized statement in opposition to the motion at bar (which was not sworn or affirmed under penalty of perjury), plaintiffs claim that they and defendant Slomin’s, a company which sells and installs security systems in eight states and the District of Columbia, entered into three agreements dated January 11, 2012, for an alarm and security system to be installed in their residence. In the copies of the agreements annexed to their statement to the court, only one appears to have been signed (plaintiff Raviv contends that it is his signature), and only the first page was furnished. Plaintiffs claim that the defendant’s salesperson changed the original contract by adding two different contracts which allegedly superceded the original contract and authorized the payment of alarm and security services to plaintiff Raviv’s credit card.
The contract relied upon by the defendant to compel arbitration was executed by plaintiff Schiffer and states in relevant part, in small print on the sixteenth line in paragraph 15 (titled Legal Action) that “[a]ny action or dispute between the parties, including issues of arbitrability, shall, at the option of either party, be determined by arbitration administered by Arbitration Services Inc. under its commercial arbitration rules found at www.natarb. com. ’ ’
General Business Law § 399-c, enacted almost 30 years ago, prohibits the use of mandatory arbitration clauses in contracts for the sale or purchase of “consumer goods.” It states the following:
“§ 399-c. Mandatory arbitration clauses in certain consumer contracts prohibited
*416 “1. Definitions.
“a. The term ‘consumer’ shall mean a natural person residing in this state.
“b. The term ‘consumer goods’ shall mean goods, wares, paid merchandise or services purchased or paid for by a consumer, the intended use or benefit of which is intended for the personal, family or household purposes of such consumer.
“c. The term ‘mandatory arbitration clause’ shall mean a term or provision contained in a written contract for the sale or purchase of consumer goods which requires the parties to such contract to submit any controversy thereafter arising under such contract to arbitration prior to the commencement of any legal action to enforce the provisions of such contract and which also further provides language to the effect that the decision of the arbitrator or panel of arbitrators in its application to the consumer party shall be final and not subject to court review.
“d. The term ‘arbitration’ shall mean the use of a decision making forum conducted by an arbitrator or panel of arbitrators within the meaning and subject to the provisions of article seventy-five of the civil practice law and rules.
“2. a. Prohibition. No written contract for the sale or purchase of consumer goods, entered into on or after the effective date of this section, to which a consumer is a party, shall contain a mandatory arbitration clause. Nothing contained herein shall be construed to prohibit a non-consumer party from incorporating a provision within such contract that such non-consumer party agrees that the decision of the arbitrator or panel of arbitrators shall be final in its application to such non-consumer party and not subject to court review.
“b. Mandatory arbitration clause null and void. The provisions of a mandatory arbitration clause shall be null and void. The inclusion of such clause in a written contract for the sale or purchase of consumer goods shall not serve to impair the enforceability of any other provision of such contract.”
In the first of only two Appellate Division decisions since 1984 to analyze and determine the ambit of General Business Law § 399-c, Ragucci v Professional Constr. Servs. (25 AD3d 43 *417 [2d Dept 2005]), the issue before the Second Department was whether General Business Law § 399-c applies to a contract to provide architectural services for the construction of a home. In affirming the trial court’s denial of the motion by the architectural firm to compel arbitration, the Court first presented the context of the statute by discussing the legislative history and the purpose of General Business Law § 399-c, which was
“ ‘designed to prevent sales contracts from including clauses pre-committing consumers to arbitrate disputes rather than resort to Small Claims suits, refusal to pay for defective goods, or other remedies’ (Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law § 399-c, at 771). In urging the enactment of section 399-c, the New York State Consumer Protection Board noted that while arbitration can sometimes provide a ‘quick, inexpensive and simple resolution’ to disputes between consumers and sellers, no contract ‘should deprive a consumer of the right to take the dispute further and seek judicial redress’ (Mem of State Consumer Protection Board, Bill Jacket, L 1984, ch 946, at 9). Similarly, in a memorandum submitted in connection with the enactment of General Business Law § 399-c, Assemblyman Jose E. Serrano stated that ‘[consumers should have the advantage of having contract disputes handled by the judicial system or by an arbitrator,’ as well as ‘the ability to choose between arbitration or judicial resolution of their disputes after the time when a dispute arises’ (Mem in Support of L 1984, ch 946, 1984 NY Legis Ann, at 325).” (Ragucci v Professional Constr. Servs., 25 AD3d 43, 46-47 [2005] [some emphasis added].)
In 2010, the Second Department, in Byrnes v Castaldi (72 AD3d 718 [2d Dept 2010]), affirmed the denial of a homebuilder’s motion to compel arbitration, holding that the binding arbitration clause in the parties’ contract for the construction of a single-family residence on land owned by “consumers” was encompassed within the broad definition of “consumer goods” and thus void pursuant to the pursuant to the provisions of General Business Law § 399-c.
Clearly, the subject contract at bar, which calls for the installation of an alarm and security system in the plaintiffs’ home that will be serviced and monitored by defendant Slomin’s 24 hours a day, is unquestionably a contract for the purchase of *418 consumer goods by plaintiff consumers as defined in General Business Law § 399-c (see Byrnes v Castaldi, 72 AD3d 718 [2010]; Ragucci v Professional Constr. Servs.). Moreover, while the arbitration clause in the Slomin’s contract, at bar — giving the parties the “option” to compel an action or dispute between the parties to proceed to arbitration — was not exactly contemplated by the legislature when it enacted General Business Law § 399-c, this court concludes that the clause falls within the protection of subdivision (2) (a) and (b) of the statute since it permits the nonconsumer party the right to mandate arbitration (see Ragucci v Professional Constr. Servs. at 50). The fact that the Slomin’s clause omits the magic words that “the arbitration is binding and not subject to court review” does not then make a possible arbitration proceeding nonbinding since' the purpose of the Slomin’s clause is to give Slomin’s the option to either preempt a lawsuit in court through binding arbitration, or have an action dismissed or stayed in favor of binding arbitration. The Slomin’s clause does not give the right to arbitration only to the consumer. If Slomin’s desired nonbinding arbitration it would have been so stated, along with terms such as “mediation.” Thus, the only reasonable conclusion this court can reach is that the Slomin’s clause ultimately circumvents the intended benefit of General Business Law § 399-c to consumers to have the right to seek judicial resolution of a dispute through a small claims or regular civil action.
Accordingly, the branch of defendant Slomin’s motion for an order compelling the parties to proceed to binding arbitration is denied.
The branch of Slomin’s motion for an order dismissing plaintiff Raviv’s claim is denied as there are issues of fact including but not limited to whether plaintiff Raviv entered into a contract with defendant.