OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that, upon reargument, the branches of defendant’s motion seeking to stay so much of the action as was asserted by plaintiff Dale Schiffer and to compel plaintiff Dale Schiffer to proceed to arbitration are granted and, on the court’s own motion, plaintiff Dale Schiffer’s causes of action are severed from those of plaintiff Ram Raviv; as so modified, the order is affirmed, without costs.
*17 This small claims action arises from a contractual arrangement, pursuant to which defendant sold and installed a security system and agreed to provide security monitoring services. On the small claims complaint form, plaintiffs stated that they sought to recover the principal sum of $5,000, based on theories of breach of contract, credit card fraud, property damage, and failure to provide proper goods and services. Defendant initially moved to dismiss plaintiff Ram Raviv’s causes of action, on the ground that it had never entered into a contract with Raviv. With respect to plaintiff Dale Schiffer, based on a contractual clause which gave either party to the contract the right to demand resolution of conflicts by arbitration, defendant moved to stay so much of the action as was asserted by Schiffer and to compel arbitration of Schiffer’s causes of action.
In a joint sworn statement submitted in opposition to defendant’s motion, plaintiffs asserted that Raviv was a “party” to a contract with defendant, by reason of his having signed an authorization for defendant to charge Raviv’s credit card for goods sold and services rendered. Raviv claimed that defendant subsequently, acting without authority, had charged Raviv’s credit card for goods sold and services rendered pursuant to a contract with Schiffer which Raviv had not signed, and had thus implemented unauthorized charges against Raviv’s credit card. Plaintiffs further challenged the validity of the arbitration clause, and argued that the District Court was authorized to adjudicate their case. Defendant’s motion was initially denied (39 Misc 3d 414 [2013]), upon a finding that questions of fact as to Raviv’s contractual relationship with defendant precluded the dismissal of his cause of action, and upon a further finding that the arbitration clause in defendant’s form agreement was unenforceable under the prohibition of General Business Law § 399-c against mandatory arbitration clauses in written contracts for the sale or purchase of consumer goods. In its motion to reargue, defendant asserted that, because the contract at issue affected interstate commerce, General Business Law § 399-c was preempted by the Federal Arbitration Act (9 USC § 1 et seq.) (the FAA). Based on Raviv’s claim that he was a party to the underlying contract, defendant further requested that the action be stayed, rather than dismissed, against Raviv as well as Schiffer, and that both plaintiffs be compelled to arbitrate their claims. The District Court granted leave to reargue, but adhered to its original decision, upon a finding that, in the circumstances presented, there was an *18 insufficient nexus with interstate commerce to implicate the FAA.
General Business Law § 399-c generally prohibits mandatory arbitration clauses in consumer contracts. Contracts between homeowners and providers of services relating to their homes are among the category of contracts covered by that statute (see Byrnes v Castaldi, 72 AD3d 718, 721 [2010]; Ragucci v Professional Constr. Servs., 25 AD3d 43 [2005]), and, consequently, absent other considerations, the mandatory arbitration clause contained in the contract at issue here would be “null and void” under General Business Law § 399-c (2) (b).
The FAA, which was enacted in response to perceived widespread judicial hostility to mandatory arbitration clauses (see Hall Street Associates, L. L. C. v Mattel, Inc., 552 US 576, 581 [2008]), expresses “a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary” (Moses H. Cone Memorial Hospital v Mercury Constr. Corp., 460 US 1, 24 [1983]). The FAA generally makes arbitration agreements enforceable as contracts, subject to the same defenses as other contracts (9 USC § 2), and, where disputes are contractually arbitrable, mandates that, upon application of one of the parties for arbitration, judicial proceedings shall be stayed pending arbitration (9 USC § 3). In enacting the FAA, Congress intended “to exercise Congress’ commerce power to the full” (Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 277 [1995]; see also Perry v Thomas, 482 US 483, 490 [1987]). The Supreme Court has held that the FAA is intended to cover all transactions “affecting commerce,” according that phrase the broadest possible reading (Citizens Bank v Alafabco, Inc., 539 US 52, 56-57 [2003]). In Marmet Health Care Center, Inc. v Brown (565 US —, —, 132 S Ct 1201, 1203-1204 [2012]), a negligence action brought in West Virginia on behalf of several nursing home residents, the Supreme Court, without any discussion of the nexus with interstate commerce, vacated a decision of the West Virginia Court of Appeals which had held that “ ‘as a matter of public policy under West Virginia law, an arbitration clause in a nursing home admission agreement adopted prior to an occurrence of negligence that results in a personal injury or wrongful death, shall not be enforced to compel arbitration of a dispute concerning the negligence’ ” (565 US at —, 132 S Ct at 1203, quoting Brown v Genesis Healthcare Corp., 228 W Va 646, 688, 724 SE2d 250, 292 [2011]). The Supreme Court commented:
*19 “The West Virginia court’s interpretation of the FAA was both incorrect and inconsistent with clear instruction in the precedents of this Court. The FAA provides that a ‘written provision in . . .a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.’ 9 USC § 2. .
“As this Court reaffirmed last Term, ‘[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA.’AT & T Mobility LLC v. Concepcion, 563 U.S. —, —, 131 S.Ct. 1740, 1747, 179 L.Ed.2d 742 (2011). That rule resolves these cases. West Virginia’s prohibition against predispute agreements to arbitrate personal-injury or wrongful-death claims against nursing homes is a categorical rule prohibiting arbitration of a particular type of claim, and that rule is contrary to the terms and coverage of the FAA” (565 US at —, 132 S Ct at 1203-1204).
The Supreme Court has further held that, even where rigorous enforcement of arbitration clauses may deprive litigants with relatively small cases of an effective means to assert their claims, the FAA mandates such enforcement (American Express Co. v Italian Colors Restaurant, 570 US —, —, 133 S Ct 2304, 2308-2309 [2013]).
General Business Law § 399-c is a categorical rule prohibiting mandatory arbitration clauses in consumer contracts, and thus, at least where there exists a nexus with interstate commerce, is displaced by the FAA. The unrefuted statement of defendant’s credit manager submitted in support of defendant’s motion to stay the action and to compel arbitration showed that defendant is a multi-state company, that it monitors its customers’ alarms through phone lines, radio, and the Internet, and that it purchases components of its alarm systems from several states of the United States, including Pennsylvania, Florida, and Georgia. Defendant thereby established a sufficient nexus with interstate commerce to require preemption of the FAA over contradictory New York law (see Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 269 [1995] [where Allied-Bruce and Terminix were multistate firms *20 and shipped treatment and repair material from out of state, their business of treating houses for termite infestations and repairing termite damage, although essentially local, had a sufficient nexus with interstate commerce to trigger application of the FAA]; see also Ayzenberg v Bronx House Emanuel Campus, Inc., 93 AD3d 607 [2012] [in a negligence action by a plaintiff who was injured while attending an adult camp and whose husband had signed an agreement on her behalf which contained an arbitration provision, holding, without discussion of the nexus with interstate commerce, that General Business Law § 399-c was preempted by the FAA]). Consequently, we conclude that the branch of defendant’s motion seeking a stay of so much of the action as was asserted by plaintiff Schiffer and an order compelling Schiffer to proceed to arbitration should have been granted.
With respect to plaintiff Raviv, however, we conclude that defendant’s showing was insufficient to establish that Raviv was bound by the arbitration provisions of the contract for the installation and monitoring of an alarm and security system. Notwithstanding Raviv’s statement that he was a “party” to the contract, the papers submitted by the parties showed only that, on one contract, under a portion bearing the title “Method of Payment,” Raviv had signed an authorization for defendant to charge his credit card. Whereas the arbitration provision of the underlying contract was addressed to disputes between defendant and the “buyer” or “subscriber,” Raviv was not named as a “buyer” or “subscriber” on any of the contractual excerpts submitted by the parties, and, thus, defendant failed to establish that Raviv was bound by the contract’s arbitration provisions. We therefore conclude that the District Court properly denied the branch of defendant’s motion seeking to stay so much of the action as was asserted by Raviv and to compel Raviv to proceed to arbitration. Under the circumstances, it is necessary that plaintiff Schiffer’s causes of action be severed from those of plaintiff Raviv.
Accordingly, the order is modified by providing that the branch of defendant’s motion seeking to stay so much of the action as was asserted by plaintiff Dale Schiffer and to compel plaintiff Dale Schiffer to proceed to arbitration is granted.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.