Maryann Marino, Respondent,
against
Jason Salzman, Defendant, and SLOMIN'S, INC., Appellant.



Appeal from an order of the District Court of Nassau County, First District (Colin F. O'Donnell, J.), entered November 18, 2014. The order, insofar as appealed from, denied so much of a motion as was made by defendant Slomin's, Inc. as sought to compel plaintiff to proceed to arbitration with respect to her claim against it and to stay so much of the action as was asserted against it pending the arbitration.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and so much of the motion as was made by defendant Slomin's, Inc. as sought to compel plaintiff to proceed to arbitration with respect to her claim against it and to stay so much of the action as was asserted against it pending the arbitration is granted.
In this small claims action, plaintiff seeks to recover the principal sum of $2,933.99 based on an alleged breach of a contract. Pursuant to the contract, defendant Slomin's, Inc. sold a security system to plaintiff and agreed to provide security monitoring services. In a single motion, defendant Jason Salzman moved to dismiss so much of the action as was asserted against him and defendant Slomin's, Inc. moved, based on an arbitration clause contained in the contract, to compel plaintiff to proceed to arbitration with respect to her claim against it and to stay so much of the action as was asserted against it pending the arbitration. Insofar as is relevant to this appeal, the District Court denied so much of the motion as was made by Slomin's, Inc. on the ground that General Business Law § 399-c prohibits mandatory arbitration clauses in consumer transactions.
In support of the motion, the credit manager of Slomin's, Inc. submitted an affidavit wherein he stated that Slomin's, Inc. is a multi-state company; that it monitors its customers' alarms through phone lines, radio, and the Internet; and that it purchases components of its alarm systems from suppliers in several states of the United States, including Pennsylvania, Florida, and Georgia. In Schiffer v Slomin's, Inc. (48 Misc 3d 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), a case with similar facts, this court held that, inasmuch as Slomin's, Inc. had established a sufficient nexus with interstate commerce, General Business Law § 399-c was preempted by the Federal Arbitration Act (9 USC § 1 et seq.), which mandates that judicial proceedings be stayed pending arbitration (see 9 USC § 3). Consequently, Slomin's application to compel arbitration and for a stay should have been granted (Schiffer, 48 Misc 3d 15).
Accordingly, the order, insofar as appealed from, is reversed and so much of the motion as was made by defendant Slomin's, Inc. as sought to compel plaintiff to proceed to arbitration with respect to her claim against it and to stay so much of the action as was asserted against it pending the arbitration is granted.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: March 23, 2016