Bridger v Fourth Ave. Capital Partners, L.P. (2019 NY Slip Op 05503)





Bridger v Fourth Ave. Capital Partners, L.P.


2019 NY Slip Op 05503


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9849N 155013/18

[*1] Paul Bridger, Plaintiff-Appellant,
v
Fourth Avenue Capital Partners, L.P., et al., Defendants-Respondents.


Olshan Frome Wolosky, LLP, New York (Brian A. Katz of counsel), for appellant.
Akin Gump Strauss Hauer & Feld LLP, New York (Jacqueline G. Yecies of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about December 6, 2018, which granted defendants' motion to compel arbitration, unanimously affirmed, without costs.
The court properly granted defendants' motion to compel arbitration where the parties entered into an agreement upon the termination of plaintiff's employment, which contained a broad arbitration clause governed by the Federal Arbitration Act (FAA). This required, among other things, arbitration for all controversies and claims "relating to [plaintiff's] employment, this Agreement or the breach, enforcement, interpretation or validity of this Agreement (including the determination of the scope or applicability of this Agreement to arbitrate)," except for claims related to a separate confidentiality agreement. Contrary to plaintiff's contention, his claims clearly arose under the terms of his agreement as related to his employment, and thus fell within the scope of the arbitration clause, thus ending judicial inquiry (Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp. , 208 AD2d 73, 80 [1st Dept 1995]). Even if the arbitration clause were, as plaintiff contends, ambiguous in scope, any such ambiguities would be resolved in favor of arbitration since its construction is governed by the FAA (see Matter of PricewaterhouseCoopers v Rutlen , 284 AD2d 200 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK