Smith v Nobiletti Bldrs., Inc. (2019 NY Slip Op 08240)





Smith v Nobiletti Bldrs., Inc.


2019 NY Slip Op 08240


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-09324
 (Index No. 613041/16)

[*1]Matthew J. Smith, respondent, 
v
Nobiletti Builders, Inc., et al., appellants, et al., defendants.


Conforti & Waller, LLP, Southampton, NY (Anthony T. Conforti of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Nobiletti Builders, Inc., Michael Nobiletti, Highland Construction, H & F Landscape Design, Inc., and Paul Bennett Construction appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 29, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was for leave to renew a prior cross motion, inter alia, to compel arbitration of the plaintiff's claims, which had been denied in an order of the same court dated March 7, 2018.
ORDERED that the order dated June 29, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In 2015, the plaintiff, Matthew J. Smith, entered into an agreement with the defendant Nobiletti Builders, Inc., for it to serve as general contractor with respect to the renovation of the plaintiff's residence in Sag Harbor. The agreement between the plaintiff and Nobiletti Builders, Inc., contained a binding arbitration clause to resolve any claim arising thereunder.
In 2016, the plaintiff commenced this action against Nobiletti Builders, Inc., its owner, Michael Nobiletti (hereinafter together the Nobiletti defendants), as well as certain subcontractors hired by the Nobiletti defendants to perform aspects of the renovation. The complaint alleged, among other things, that the Nobiletti defendants and the named subcontractors had engaged in a scheme to defraud the plaintiff by having the subcontractors submit improperly inflated invoices to the plaintiff in order to pay kickbacks to the Nobiletti defendants. The plaintiff moved for injunctive relief and the Nobiletti defendants cross-moved to stay the action and to compel arbitration of the dispute pursuant to the arbitration clause of the agreement. In opposition to the motion, the plaintiff acknowledged that the agreement contained a binding arbitration clause but contended that the clause was null and void pursuant to the prohibition of such clauses in written contracts for the sale or purchase of consumer goods (see General Business Law § 399-c). In an order dated March 7, 2018, the Supreme Court denied the Nobiletti defendants' cross motion, inter alia, to compel arbitration upon determining that the subject arbitration clause was prohibited by General Business Law § 399-c.
Thereafter, the Nobiletti defendants, together with some of the named subcontractors-defendants (hereinafter collectively the appellants), moved, among other things, for leave to renew [*2]the Nobiletti defendants' prior cross motion, inter alia, to compel arbitration. The appellants contended, effectively, that it had recently come to light that the renovation of the plaintiff's Sag Harbor residence was a transaction that "affected interstate commerce" and, therefore, the prohibition on mandatory arbitration clauses pursuant to General Business Law § 399-c was inapplicable as preempted by the Federal Arbitration Act (hereinafter FAA). In support of this contention, the appellants relied principally upon a related federal court action commenced by the plaintiff against Michael Nobiletti and other subcontractors hired to complete aspects of the renovation of the plaintiff's Sag Harbor residence. The appellants argued that in the federal action the plaintiff admitted in the pleadings that the disputes at issue affected interstate commerce, and the court in that case ultimately determined that the claims were subject to arbitration. Since this federal action was commenced after the Nobiletti defendants' cross motion to compel arbitration was fully submitted, the appellants argued that these were new facts which could not have been presented on their prior cross motion, which would have changed the court's determination.
The Supreme Court denied that branch of the appellants' motion which was for leave to renew, finding that the appellants had failed to proffer new facts that would compel the court to change its prior determination. We affirm.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Okumus v Living Room Steak House, Inc., 112 AD3d 799; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). "A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455).
Contrary to the Supreme Court's determination, the appellants proffered new facts not offered on the prior cross motion and a reasonable justification for the failure to present them on such motion. The federal court action, which was related to the state court action as its allegations arose from the same home renovation and is governed by the same agreement entered into between the plaintiff and Nobiletti Builders, Inc., was commenced after the Nobiletti defendants' cross motion, inter alia, to compel arbitration was fully submitted and awaiting decision.
This information constituted new facts that could not have been presented on the prior cross motion.
Nevertheless, the appellants failed to demonstrate that these new facts would change the prior determination of the Supreme Court on the cross motion, inter alia, to compel arbitration and, therefore, we agree with the denial of leave to renew.
General Business Law § 399-c generally prohibits mandatory arbitration clauses in consumer contracts. Contracts between homeowners and providers of services relating to their homes are among the category of contracts covered by that statute (see Byrnes v Castaldi, 72 AD3d 718, 721; Ragucci v Professional Constr. Servs., 25 AD3d 43; see also Baronoff v Kean Dev. Co., Inc., 12 Misc 3d 627 [Sup Ct, Nassau County]), and, consequently, we agree with the Supreme Court's determination that the mandatory arbitration clause contained in the agreement at issue here would be "null and void" under General Business Law § 399-c.
The Federal Arbitration Act (hereinafter FAA) preempts state statutes as to transactions affecting interstate commerce (see Highland HC, LLC v Scott, 113 AD3d 590, 592-593; see also Citizens Bank v Alafabco, Inc., 539 US 52, 56). "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA" (AT & T Mobility LLC v Concepcion, 563 US 333, 341). Since General Business Law § 399-c is exactly the type of categorical rule described by the United State Supreme Court in AT & T Mobility LLC v Concepcion, preemption is required where there is evidence establishing a transaction affecting interstate commerce (see Schiffer v Slomins, 48 Misc 3d 15, 19-20 [App Term, 2d Dept, 9th & 10th Jud Dists]). Here, the appellants' submissions failed to establish such a transaction. All of the named defendants are local commercial entities, who lack either a multi-state or national presence (cf. Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 269; Schiffer [*3]v Slomins, 48 Misc 3d 15), the scale and scope of the work to be performed is not of such magnitude as would affect interstate commerce (cf. Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252; Highland HC, LLC v Scott, 113 AD3d 590), and, finally, while the appellants have established that some of the materials used in the plaintiff's home renovation were sourced and secured from out-of-state suppliers, this factor alone, especially in the context of a single-family home renovation, was insufficient to establish an effect on interstate commerce. Thus, under the circumstances of this case, General Business Law § 399-c is not preempted by the FAA (see Baronoff v Kean Dev. Co., Inc., 12 Misc 3d 627 [Sup Ct, Nassau County]).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the appellants' motion which was for leave to renew the Nobiletti defendants' prior cross motion, inter alia, to compel arbitration.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court