Fritschler v Draper Mgt., LLC (2022 NY Slip Op 02087)





Fritschler v Draper Mgt., LLC


2022 NY Slip Op 02087


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 652056/19 Appeal No. 15611 Case No. 2021-00070 

[*1]Charles Fritschler, et al., Plaintiffs-Appellants,
v
Draper Management, LLC et al., Defendants, Mark Deso et al., Defendants-Respondents.


Capuder Fazio Giacoia LLP, New York (Douglas Capuder of counsel), for appellants.
Einbinder & Dunn LLP, New York (Stephaine J. Blumstein of counsel), for Mark
Deso, Brooks Church, Robert Hurley and Subway Franchise Development of Boston,LLC, respondents.
Wiggin and Dana LLP, New York (David R. Roth of counsel), for Doctor's Associates, Inc., Doctor's Associates, LLC, Subway IP, Inc., Franchise World Headquarters, LLC, Subway Real Estate Corp. and Subway Real Estate LLC, respondents.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 8, 2020, which granted defendants' motions for a stay of the action pending arbitration, and denied plaintiffs' cross motions for expedited discovery and a jury trial, unanimously affirmed, without costs.
Where the parties "explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator" (Contec Corp. v Remote Solution, Co., Ltd., 398 F3d 205, 208 [2d Cir 2005]; see also Schindler v Cellco Partnership, 200 AD3d 505, 505-506 [1st Dept 2021]). Here, plaintiff Fritschler and defendant Doctor's Associates, LLC (DAL) evidenced their intent to delegate the issue of arbitrability to the arbitrator by incorporating the AAA (and/or the substantively identical ADRC) rules into the Franchise Agreements' broad arbitration clauses (id.; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495 [1st Dept 2009]).
Plaintiffs' arguments that there was no binding agreement to arbitrate because the Franchise Agreements were procured by fraud, lack of mutuality, were not supported by consideration, and/or were unconscionable are not persuasive. Because these issues implicate whether the parties formed a valid contract to arbitrate, they were properly decided by the court in the first instance (see e.g. Doctor's Assocs., Inc. v Alemayehu, 934 F3d 245, 251-252 [2d Cir 2019]). Any argument that plaintiff Fritschler did not form a binding agreement is contradicted by the allegations of the complaint. Furthermore, plaintiffs do not allege that there were any specific misrepresentations regarding the arbitration clauses themselves (Rent-A-Center, West, Inc. v Jackson, 561 US 63, 70-72 [2010]). Fritschler's supposed subjective misunderstanding of the plain terms of the agreements does not amount to fraud (Doctor's Assocs., Inc. v Stuart, 85 F3d 975, 980-981 [2d Cir 1996]).
Plaintiffs' argument that the exclusive jurisdiction provision found in the Management Agreement trumps the Franchise Agreements' arbitration provisions also fails. The Management Agreement was entered into by plaintiff EB5Overseer LLC and defendant Draper Management, LLC in February 2014, shortly before the Franchise Agreements were signed by Fritschler and DAL. However, nothing in the Management Agreement purported to modify or limit the scope of the later agreements that nonparties to the Management Agreement (i.e., Fritschler and DAL) might enter into, nor does it render the clear arbitration and delegation provisions found in the Franchise Agreements ambiguous. While plaintiffs may very well argue that the terms of the Management Agreement make claims asserted by or against certain parties nonarbitrable, that is a question of arbitrability for the arbitrator, not the court (Matter of WN Partner, LLC v Baltimore Orioles L.P., 179 AD3d 14, 17 [1st Dept 2019[*2]]).
Plaintiffs also contend that the Franchise Agreements did not clearly delegate disputes about arbitrability to the arbitrator because certain plaintiffs and the majority of the defendants were not signatories to the Franchise Agreements. These arguments also fail. These non-signatories were agents of DAL and in the Franchise Agreements themselves, Fritschler promised that he would not bring any claims against DAL's agents or affiliates outside of arbitration. The non-signatory plaintiffs also fall within the scope of the arbitration clauses under the direct benefits theory of estoppel (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022