Vitiello v Home Buyers Resale Warranty Corp. (2022 NY Slip Op 05246)

Vitiello v Home Buyers Resale Warranty Corp.

2022 NY Slip Op 05246

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

533464
[*1]Lisa Vitiello, Individually and on Behalf of Others Similarly Situated, Appellant,
v
Home Buyers Resale Warranty Corp. et al., Respondents.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Mastropietro Law Group, PLLC, Saratoga Springs (Nathan C. Woodard of counsel), for appellant.
DeGraff, Foy & Kunz, LLP, Albany (David F. Kunz of counsel) and Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, Georgia (Nicholas P. Panayotopoulos of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Dianne N. Freestone, J.), entered May 7, 2021 in Saratoga County, which, among other things, granted defendants' motion to stay the action, compel arbitration and dismiss the class action claim.
In February 2017, plaintiff and LNAA Construction, LLC entered into a contract for the construction and sale of a new home located in the City of Saratoga Springs, Saratoga County (hereinafter the property). The contract incorporated a limited warranty purchased by LNAA that disclaimed any express or implied warranties in favor of a warranty administered by defendant Home Buyers Warranty Corporation (hereinafter HBWC).[FN1] In May 2017, both plaintiff and LNAA executed an application to enroll the property in HBWC's warranty program. As relevant here, section IV of the limited warranty contained an arbitration agreement, which provided that "any and all claims, disputes and controversies by or between" plaintiff, LNAA and HBWC "arising from or related to [the] [w]arranty . . . shall be settled by binding arbitration." The arbitration agreement also expressly stated that it "involves and concerns interstate commerce" and "shall be governed by the Federal Arbitration Act (9 USC § 1[] et seq.) ([hereinafter] FAA), to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule" (internal quotation marks omitted). Pursuant to the terms of the arbitration agreement, the costs of arbitration were to be allocated amongst the parties at the discretion of the arbitrator.
Upon encountering various defects in the property, plaintiff commenced an arbitration proceeding against LNAA seeking to have the repairs covered under the warranty. The arbitrator determined that several of the defects were not covered under the warranty and, at the conclusion of the proceeding, directed plaintiff to pay $625 of the total costs of arbitration. Dissatisfied with the arbitrator's determination, plaintiff commenced an action in Supreme Court against LNAA for, among other things, breach of contract and warranty. Following joinder of issue, plaintiff moved, in relevant part, for summary judgment seeking a declaration that the warranty was void and unenforceable. Supreme Court denied plaintiff's motion, determining that there were issues of material fact precluding summary judgment; however, it also found that plaintiff had a viable claim and that "the provision of the warranty which required plaintiff to submit to binding arbitration and to pay the fee associated therewith [was] void."
Approximately two years later, plaintiff commenced this separate action on behalf of herself and others similarly situated against defendants seeking the return of the fees charged in connection with arbitration and for payments made due to defendants' alleged deceptive business practices in violation of General Business Law §§ 349 and 777-b. Specifically, plaintiff alleged that defendants had improperly compelled consumers who [*2]purchased its warranties to participate in arbitration for disputes that arose under the warranty, improperly charged fees to participate in such arbitration and that defendants marketed a defective warranty that failed to meet the standards for a minimum housing merchant implied warranty. After an unsuccessful motion to remove the matter to federal court, defendants moved to compel arbitration, stay the action and dismiss the class action claim or, alternatively, to dismiss the action entirely. Supreme Court granted defendants' motion to the extent that it compelled arbitration, dismissed the class action claim and stayed the action. Relevant to this appeal, Supreme Court determined that the FAA preempted state law since defendants were engaged in interstate commerce, that the arbitration agreement contained in the warranty compelled arbitration and that plaintiff had waived her right to seek class action status.[FN2] Plaintiff appeals.
We affirm. It is well established that "[t]he FAA applies to any contracts involving interstate commerce" (Matter of Ayco Co. [Walton], 3 AD3d 635, 636 [3d Dept 2004], appeal dismissed and lv denied 2 NY3d 786 [2004]; see 9 USC § 2; N.J.R. Assoc. v Tausend, 19 NY3d 597, 601 [2012]). "The FAA evinces Congress's intent to establish an emphatic national policy favoring arbitration which is binding on all courts, [s]tate and [f]ederal[,] such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (Matter of Ayco Co. [Walton], 3 AD3d at 637 [internal quotation marks and citations omitted]; see Matter of Prudential Sec. [Purello], 206 AD2d 713, 715 [3d Dept 1994]). In this respect, the FAA provides that binding arbitration agreements concerning those transactions "involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (9 USC § 2; see Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 274-275 [1995]). "The Supreme Court [of the United States] has interpreted the words 'involving commerce' as the functional equivalent of the phrase 'affecting commerce,' which ordinarily signals Congress' intent to exercise its Commerce Clause powers to the fullest extent" (Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005] [citation omitted]; see Citizens Bank v Alafabco, Inc., 539 US 52, 56 [2003]). Moreover, "it is not necessary for the individual transaction to have a substantial effect on interstate commerce, so long as the type of activity at issue has the requisite substantial effect" (Cusimano v Schnurr, 26 NY3d 391, 399 [2015]; see Citizens Bank v Alafabco, Inc., 539 US at 56).
Plaintiff maintains that the FAA is inapplicable to its dispute with defendants because the underlying contract with LNAA is entirely local in nature. However, while the construction contract between plaintiff and LNAA may have encompassed activity that took place exclusively [*3]in New York, the dispute between plaintiff and defendants concerns the terms of the warranty and its administration (see Carlton Hobbs Real Estate, LLC v Sweeney & Conroy, Inc., 41 AD3d 214, 215 [1st Dept 2007]; Chalupka v Long Is. Automotive Group Inc., 2014 NY Slip Op 33214[U], *2 [Sup Ct, NY County 2014]; compare Smith v Nobiletti Bldrs., Inc., 177 AD3d 807, 810 [2d Dept 2019]).[FN3] Accordingly, as HBWC is a party to the warranty as its administrator, any determination as to the applicability of the FAA must necessarily consider HBWC's economic activity and whether it "affects interstate commerce" (Cusimano v Schnurr, 26 NY3d at 400; see 9 USC § 2; Matter of Diamond Waterproofing Co. v 55 Liberty Owners Corp., 4 NY3d at 252; Highland HC, LLC v Scott, 113 AD3d 590, 592-593 [2d Dept 2014]). To this end, the record establishes that HBWC conducts business from its headquarters in Colorado and has a nationwide presence as evidenced by the fact that it offers warranties to builders and homeowners in 48 different states (see Allied-Bruce Terminix Companies, Inc. v Dobson, 513 US at 282; Schiffer v Slomin's, Inc., 48 Misc 3d 15, 19-20 [App Term, 2d Dept 2015]; compare Smith v Nobiletti Bldrs., Inc., 177 AD3d at 810). In our view, it is clear that HBWC's business practices pertaining to its warranties, when viewed in the aggregate, have a substantial effect on interstate commerce, rendering the FAA applicable (see Citizens Bank v Alafabco, Inc., 539 US at 56-57; see generally Cusimano v Schnurr, 26 NY3d at 399).
We also reject plaintiff's alternate contention that General Business Law § 777-b (4) (h) requires that we strike the arbitration agreement on public policy grounds. It is well established that "'[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: [t]he conflicting rule is displaced by the FAA'" (Smith v Nobiletti Bldrs., Inc., 177 AD3d at 810, quoting AT & T Mobility LLC v Concepcion, 563 US 333, 341 [2011]; see Viking Riv. Cruises, Inc. v Moriana, ___ US ___, ___, 142 S Ct 1906, 1917 [2022]). Thus, the FAA displaces the restriction on arbitration contained in General Business Law § 777-b (4) (h) and requires that the dispute between plaintiff and defendants be arbitrated pursuant to the terms of the arbitration agreement (see Schiffer v Slomin's, Inc., 48 Misc 3d at 19-20; compare Smith v Nobiletti Bldrs., Inc., 177 AD3d at 810).[FN4] To the extent that plaintiff raises public policy contentions concerning the minimum protections afforded by the warranty, owing to the broad language of the arbitration agreement encompassing all disputes arising from the warranty, we find that plaintiff acquiesced to the arbitrability of those issues (see Fritschler v Draper Mgt., LLC, 203 AD3d 623, 623 [1st Dept 2022]; Zafar v Fast Track Leasing, LLC, 162 AD3d 1100, 1102 [2d Dept 2018]; compare Rubinstein v C & A Mktg., Inc., 205 AD3d 832, 834-835 [2d Dept 2022]). Finally, we reject plaintiff's contention [*4]that, in light of the prior arbitration decision in her dispute with LNAA, any arbitrator that is ultimately selected to hear this dispute would be incapable of being impartial and would be incentivized to disregard state law. Pursuant to the terms of the arbitration agreement, the arbitrator would be required to render an award in accord with the laws of the state in which the home is located, and an award outside of that scope could potentially be considered on a subsequent motion to vacate (see Matter of Fast Care Med. Diagnostics, PLLC/PV v Government Empls. Ins. Co., 161 AD3d 1149, 1150-1151 [2d Dept 2018]; Matter of Braver v Silberman, 90 AD3d 654, 656 [2d Dept 2011]; see generally Matter of Walker [Read], 168 AD3d 1253, 1254 [3d Dept 2019]).[FN5]
To the extent that plaintiff's remaining contentions are not expressly addressed herein, they have been considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although Home Buyers Resale Warranty Corporation is also a named defendant in this action, plaintiff's allegations are aimed entirely at the conduct of HBWC, which entity is the sole administrator of the warranty.

Footnote 2: As part of the related proceeding between plaintiff and LNAA, LNAA brought a third-party complaint against defendants seeking to recover damages for breach of contract, unjust enrichment and violations of General Business Law § 349. Supreme Court similarly determined that LNAA was required to arbitrate its claims pursuant to the arbitration agreement at issue on this appeal.

Footnote 3: For similar reasons, we find that plaintiff's contention that defendants could not compel arbitration because they were not parties to the underlying contract between plaintiff and LNAA is without merit (see Matter of Ayco Co. [Walton], 3 AD3d at 637; see also Revis v Schwartz, 192 AD3d 127, 145 [2d Dept 2020], affd 38 NY3d 939 [2022]; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1142 [2d Dept 2018]).

Footnote 4: Plaintiff's contention that the entire warranty provision in the contract was rendered void due to the exclusionary language in the warranty provision disclaiming any express or implied warranties is unpreserved (see Bank of Am., N.A. v Schoharie Senior Hous. Dev. Fund Corp., 166 AD3d 1114, 1116 [3d Dept 2018]) and, in any event, without merit, as it relies upon an erroneous reading of the statute (see General Business Law § 777-b [4] [e] [i]; Pesca v Barbera Homes, Inc., 35 Misc 3d 747, 757 [Sup Ct, Albany County 2012]).

Footnote 5: Although not expressly raised by plaintiff, we find that the arbitration clause explicitly waives her right to pursue a class action and, therefore, Supreme Court properly dismissed her class claims (see Horton v Dow Jones & Co., Inc., 804 Fed Appx 81, 84 [2d Cir 2020]; see also Gold v New York Life Ins. Co., 32 NY3d 1009, 1010 [2018]).