Hernandez v Opera Owners, Inc. (2024 NY Slip Op 04519)

Hernandez v Opera Owners, Inc.

2024 NY Slip Op 04519

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 32526/19 Appeal No. 2590 Case No. 2023-04393 

[*1]Marco Hernandez, Plaintiff,
v
Opera Owners, Inc. et al., Defendants.
Opera Owners, Inc., Third-Party Plaintiff-Respondent, Halstead Management Company, LLC, Third-Party Plaintiff,
v
Poltech Inc., Third-Party Defendant-Appellant, Eugene Weinstein et al., Third-Party Defendants.

Black Marjieh & Sanford LLP, Elmsford (James J. Lofrese of counsel), for appellant.
Thomas Torto, New York, for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on July 17, 2023, which, to the extent appealed from as limited by the briefs, denied third-party defendant Poltech Inc.'s motion to dismiss pursuant to CPLR 3211(a)(1) and (7) or, alternatively, to stay the third-party action, unanimously reversed, on the law, without costs, the motion to dismiss the common-law claims in the third-party complaint against Poltech and to stay the remainder of the third-party action against Poltech granted.
Since neither the complaint, the bill of particulars, nor the third-party complaint alleged that plaintiff suffered a "grave injury" as defined by Workers' Compensation Law § 11, dismissal of the third-party complaint's common-law claims is appropriate (see Noel v 336 E 95th Realty LLC, 227 AD3d 505 [1st Dept 2024]; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669 [2d Dept 2019]). The remainder of the third-party action must be stayed. While third-party plaintiffs were not signatories to the contract among third-party defendants Poltech, Eugene Weinstein, and Wenjun Jing, the gravamen of their contractual claims are premised upon being third-party beneficiaries of that contract (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013]; see also Fritschler v Draper Mgt., LLC, 203 AD3d 623, 624 [1st Dept 2022], lv dismissed & denied 39 NY3d 955 [2022]). Given that the claims are premised upon having rights and benefits under the Poltech contract, it follows that they are also subject to its ADR clause (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1142 [2d Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024